Case 1:24-cv-00015   Document 42   Filed 04/10/25   Page 1 of 3

FILED
Clerk
District Court
APR 10 2025
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| TRAVIS THORNTON, | Case No. 1:24-cv-00015 |
| --- | --- |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2) AGAINST THE UNITED STATES AND KBR SERVICES, LLC |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| UNITED STATES OF AMERICA, | |
| Third-Party Plaintiff, | |
| v. | |
| KBR SERVICES, LLC, | |
| Third-Party Defendant. | |

At the hearing on April 10, 2025, the Court GRANTED Plaintiff Travis Thornton and Defendant/Third-Party Plaintiff United States of America's Stipulation of Dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Stip.," ECF No. 29) and DENIED Third-Party Defendant KBR Services, LLC's[1] ("KBR Services") request for attorney's fees and costs. (Mins., ECF No. 40.)

The United States and Thornton stipulated to dismiss this case without prejudice in accordance with Rule 41(a)(2). (Stip. 1.) In consideration for dismissal, the United States and Thornton entered into a tolling agreement that was filed with the Court. (ECF No. 29-1.) Rule

---

[1] In this action, the United States impleaded KBR Services through filing an Amended Third-Party Complaint pursuant to Rule 14(c): "The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant." (*See* U.S. Am. Third-Party Compl. ¶¶ 22-24, ECF No. 18.)

41(a)(2) permits an action to "be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). Moreover, "[t]he purpose of the rule is to permit a plaintiff to dismiss an action *without prejudice* so long as the defendant will not be prejudiced." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (emphasis added). Here, KBR Services was unable to show it would suffer some plain legal prejudice because of the dismissal.[2] For this reason the Court granted Thornton and the United States' Stipulation of Dismissal without prejudice pursuant to Rule 41(a)(2).

Turning to KBR Services' request for attorney's fees and costs, to determine if the Court should award costs after a voluntary dismissal without prejudice, "courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (citing 8 Moore's Fed. Prac.–Civ. § 41.40[10][d][i]). Given these considerations, the Court denied KBR Services' request to award attorney's fees and costs. Although there is another litigation initiated by Thornton in the State of Texas, it is not against KBR Services. Procedurally, KBR Services has not incurred significant costs in litigating this suit as Thornton sought dismissal before KBR Services filed an answer. Finally, as determined at the hearing, Thornton was diligent in reaching out to counsel for KBR Services to file a dismissal of this action, but counsel for KBR Services did not respond.

---

[2] In fact, KBR Services sought dismissal in its own Motion to Dismiss.

Accordingly, the Court does not condition this dismissal without prejudice on the award of attorney's fees and costs to KBR Services.

For these reasons, the Court granted the Stipulation of Dismissal and dismissed Thornton's case against the United States without prejudice. Because the main action is dismissed, all causes of action by Thornton against KBR Services are also dismissed without prejudice. Given the dismissal, all pending motions are mooted. Finally, the Clerk is directed to close this case.

IT IS SO ORDERED this 10th day of April 2025.

/s/ Ramona V. Manglona

RAMONA V. MANGLONA
Chief Judge